UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KANE YOUNGMAN,<br><br>　　　　Defendant. | 5:22-CR-50035-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Kane Youngman, filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 59. Youngman filed a supplement to his original motion. Docket 62. Plaintiff, the United States of America, opposes the motion. Docket 65. Youngman replied to the United States' objection. Docket 67. For the following reasons, the defendant's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a ... resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions ... to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the

defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

      The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

      On July 22, 2022, the court sentenced Youngman to a term of imprisonment at the top end of his original Guidelines range, to a term of 27 months' imprisonment, to be served consecutive to his term of imprisonment on a separate revocation matter. Docket 54. He now requests a sentence of no longer than a term of 21 months' custody, which is the top end of the amended Guidelines range. Docket 62 at 1. Youngman believes he qualifies under

Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence, calling for a single point to be applied to those with 7 or more criminal history points but no points for offenders with 6 or fewer points. *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e), Youngman appears to meet the criteria for such a reduction. With that reduction, he now receives 1 "status point" instead of 2, resulting in a total of 9 criminal history points. That places him in Criminal History Category IV and reduces the advisory Guideline range to 15-21 months. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Youngman moves for a reduction in the term of imprisonment imposed

3

based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Although the policy statement set forth at USSG §1B1.10 supports release, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not.

Application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *See United States v. Rivera-Moreno*, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Youngman's Inmate Discipline Data show a number of disciplinary problems since he was sentenced in this matter. *See generally* Docket 64. On December 7, 2023, he had a hearing and was sanctioned on allegations he possessed a dangerous weapon while in custody on December 4, 2023. *Id.* at 1. He also was sanctioned for behavior on that same date involving fighting with another person. *Id.* He had a previous sanction imposed for possessing a dangerous weapon on August 1, 2023. *Id.* He had another incident where he possessed a dangerous weapon on April 21, 2023, and was sanctioned for that incident. *Id.* at 2. He has prior sanctions for assaulting another person,

4

refusing to obey an order, insolence, being in an unauthorized area, and possessing a dangerous weapon. *Id.* at 2-3. He also had a number of other disciplinary problems during previous terms of custody he served, including assaulting another person, assaulting another person, and five instances of possessing a dangerous weapon. *Id.* at 3-5.

Youngman's PSR shows he has prior felony convictions for assault with a dangerous weapon, impersonation to deceive law enforcement officer, escape from custody, and possession of a firearm by a prohibited person. Docket 52 at 23-26. His offense of conviction, other than the revocation matter handled simultaneously, was for being a violent felon in possession of body armor. *Id.* at 6.

In reviewing the nature and circumstances of the offense and Youngman's history and characteristics, pursuant to 18 U.S.C. § 3553(a), it is clear he is dangerous and would be a danger to the community if released. Therefore, the court denies the motion.

## CONCLUSION

It is ORDERED that Youngman's motion is DENIED.

Dated January 29, 2024.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE